1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PEDRO FERNANDEZ OROZCO,

11              Petitioner,                    No. 2:08-cv-0711 GEB JFM (HC)

12        vs.

13   T. FELKER, Warden,

14              Respondent.                    ORDER

15   _____/

16         Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2004 conviction for first degree

18   murder and false imprisonment.  A special circumstance of torture was found true with respect to

19   the murder.  In the May 27, 2008 petition, petitioner alleges that the special circumstance

20   enhancement must be stayed because the special circumstance enhancement is to be considered

21   an element of the greater offense of first degree murder.  (Id.)

22         On August 28, 2008, petitioner filed a motion to hold the federal petition in

23   abeyance while he exhausts his claims in state court.

24         The Supreme Court has confirmed the district court's discretion to stay a federal

25   habeas proceeding.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  The endorsed procedure allows

26   a petitioner to present unexhausted claims to the state court where there is good cause for the

1   petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.

2   Rhines, 544 U.S. at 277; see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000)

3   (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other

4   claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).

5   The Supreme Court cautioned, however, that "stay and abeyance should be available only in

6   limited circumstances" and that a stay "is only appropriate when the district court determines

7   there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines,

8   544 U.S. at 277.  Even if a petitioner shows good cause, the district court should not grant a stay

9   if the unexhausted claims are plainly meritless. Id.  Finally, federal proceedings may not be

10  stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state

11  court to exhaust additional claims. Id. at 277-78.

12          Here, on August 28, 2008, respondent filed an answer, indicating that petitioner

13  has exhausted his sole stated ground for relief in the instant petition.  (Id. at 2.)  Petitioner did not

14  identify what claims he now seeks to exhaust in state court, nor did he explain why he failed to

15  raise those claims at the time he exhausted the claim contained in the instant petition.

16          Therefore, petitioner's motion will be denied without prejudice to its renewal

17  upon a proper showing.  Should petitioner opt to renew his motion to stay, the motion must (1)

18  show good cause for petitioner's failure to exhaust all claims prior to filing this action,[1] (2)

19  identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3)

20  describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that

21  petitioner has acted with diligence in pursuing additional claims.[2]  Respondents' opposition or

22

23          [1]  Because petitioner must demonstrate good cause for his failure to exhaust his claims prior
    to filing the instant action, petitioner's reliance on the appointment of counsel in the instant action
24  will not demonstrate good cause for said failure.

25          [2]  If petitioner can demonstrate good cause for the stay under Rhines, he should not delay in
    re-filing the motion to stay because federal proceedings may not be stayed indefinitely and this court
26  must impose reasonable time limits on his return to state court to exhaust additional claims. Id. at
    277-78.

1   non-opposition to petitioner's motion, and petitioner's reply, shall be filed in compliance with

2   Local Rule 78-230(m).

3          Accordingly, IT IS HEREBY ORDERED that petitioner's August 28, 2008

4   motion to hold the petition in abeyance is denied without prejudice.  (Docket No. 16.)

5   DATED:  September 11, 2008.

6

7

UNITED STATES MAGISTRATE JUDGE

8

9   001; oroz0711.mts

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26