IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO FERNANDEZ OROZCO,

        Petitioner,                  No. 2:08-cv-0711 GEB-JFM (HC)

    vs.

T. FELKER, Warden,

        Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding in propria persona with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2006 conviction on charges of first degree murder with special circumstance of torture and false imprisonment, and the sentence of life without parole, plus two years in state prison.  In his May 27, 2008[1] petition, petitioner alleges the torture special circumstance enhancement should have been stayed.

FACTS[2]

        [Petitioner] was married to Ana Fernandez while maintaining a
romantic relationship with Margarita Cortez for 15 years.  Cortez
and [petitioner] had a son, whom Fernandez helped raise.  Cortez's

---

[1] On June 5, 2009, petitioner filed a second petition for writ of habeas corpus which is identical to the petition filed May 27, 2008.

[2] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Orozco, No.# C053756 (October 11, 2007), a copy of which was lodged on September 10, 2008.  (Lodged Doc. 3.)

1

body was discovered in a field off of 44th Street in Sacramento. She was lying face down covered in dirt underneath some plywood or particle board which had been nailed together at a 90-degree angle to form a pup tent.

Cortez had suffered numerous severe injuries. The front of her body showed no face, as it had been pulled over the scalp and the eyes extruded. There was a deep horizontal cut from a sharp edged instrument on her neck, and her heart had been extruded approximately four feet from her body. Cortez's thorax and ribs were crushed, she sustained a hinge fracture to the base of the skull, and multiple fractures to the head, spine, pelvis, legs, and ankles. The cause of death was multiple blunt force injuries, and her injuries were consistent with Cortez having been run over by a car four times, having her throat slit, and then run over by a car two more times.

[Petitioner] was brought in for questioning by the police after Cortez's body was discovered. After [petitioner] was read his Miranda[3] warnings, he acknowledged understanding his rights and agreed to talk to the detectives. Initially denying responsibility for Cortez's death, [petitioner] eventually admitted to running over her several times with his car, slitting her throat, and then running over her again. He believed he ran over Cortez a total of six times with his car. [Petitioner] told the officers Cortez had made his married life "miserable" by calling his wife and taunting her about Cortez's involvement with him.

[Petitioner], who testified, recalled telling the police he did not remember what happened when Cortez died. He did not remember telling the police any details about her death.

According to [petitioner], his wife had thrown him out of the house because of Cortez's phone call. [Petitioner] felt "like the lowest man in the world" and that it was Cortez's fault. He remembered going to the field while being angry at Cortez. He killed her because he was in a rage at Cortez for making his life "impossible."

(People v. Orozco, slip op. at 2-3.)

/////

/////

/////

---

[3] *Miranda v. Arizona* [, 384 U.S. 436 (1966)].

ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") The court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002).

3

II.  Torture Special Circumstance Enhancement

Petitioner contends the "special circumstance enhancements are to be considered as elements of a greater offense because a crime and its sentence enhancement should be treated as the functional equivalent of a single greater crime." (Pet. at 5.)

Respondent argues that the state court's rejection of this claim was neither contrary to nor an unreasonable application of controlling federal law and that, in any event, errors in sentencing are not cognizable on habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

The last reasoned rejection of this claim is the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal.  Petitioner challenged on appeal the special circumstance enhancement as a violation of double jeopardy or California Penal Code § 654.[4]  The state court rejected petitioner's claims as follows:

The Special Circumstance As A Lesser Included Offense

> A defendant may not be convicted of both a greater and a lesser included offense.  (*People v. Pearson* (1986) 42 Cal.3d 351, 355.) [Petitioner] contends the torture-murder special circumstance is necessarily included in his first degree murder conviction and therefore the true finding of the special circumstance violates the state and federal prohibitions against double jeopardy.  [The court] disagree[s].  In *People v. Sloan* (2007) 42 Cal.4th 110 and *People v. Izaguirre* (2007) 42 Cal.4th 126, our Supreme Court rejected arguments virtually identical to those [petitioner] makes here. Under these decisions, it is now clear that enhancement allegations, including the special circumstance allegation at issue here, may not

/////

---

[4]  Cal. Penal Code § 654 provides:
(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

(b) Notwithstanding subdivision (a), a defendant sentenced pursuant to subdivision (a) shall not be granted probation if any of the provisions that would otherwise apply to the defendant prohibits the granting of probation.

Id.

4

> be considered in applying the multiple conviction rule from *Pearson*.
>
> Punishment for Both Murder and the Special Circumstance
>
> [Petitioner] argues that Penal Code section 654 prohibits his punishment for both first degree murder and the torture special circumstance arise from a single act, the torture of Cortez which led to her death.
>
> Penal Code section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."
>
> Even assuming, for purposes of argument, Penal Code section 654 applies to special circumstances, [petitioner's] contention still fails. [Petitioner] is not being punished twice for a single act or omission. The punishment for special-circumstance first degree murder is not in addition to the punishment for first degree murder. Rather, the special circumstance finding elevates the punishment for first degree murder from 25 years to life (Pen. Code, § 190.2, subd. (a)). Penal code section 654 is simply not relevant to the imposition of [petitioner's] sentence, and [the court] reject[s] his novel contention.

(People v. Orozco, slip op. at 4-5.)

Habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial or appellate court, unless the error resulted in a complete miscarriage of justice. Hill v. United States, 368 U.S. at 428; Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Middleton, 768 F.2d at 1085. So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its

/////

/////

own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).[5]

Applying these principles in federal habeas proceedings, the Ninth Circuit has specifically refused to consider alleged errors in the application of state sentencing law. See, e.g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989). Thus, in Miller, the court refused to examine the state court's determination that a defendant's prior conviction was for a "serious felony" within the meaning of the state statutes governing sentence enhancements. Id. at 1118-19. The court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law. Id. (quoting Middleton, 768 F.2d at 1085).

In Estelle the United States Supreme Court reiterated the standards of review for a federal habeas court. Id., 502 U.S. at 65. The court held that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. The court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. (citing Lewis v. Jeffers, 497 U.S. 764 (1990) and Pulley v. Harris, 465 U.S. 37, 41 (1984)). The court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." In Pulley, the Supreme Court had stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 482, and that "we 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" Id.

---

[5] Although sentencing is normally a question of state law and therefore does not present issues of violation of federal law which would confer jurisdiction in federal court in habeas proceedings, a sentence imposed in violation of the defendant's constitutional rights may be set aside in federal habeas proceedings. See e.g., Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (plea of guilty does not permit state to impose a sentence in excess of state law despite agreement of defendant to sentence). However, in determining what is permissible under state law, federal courts defer to state courts' determinations of state law. See Hicks v. Feiock, 485 U.S. 624, 629-30 (1988).

1       Petitioner's claim concerns only the trial court's failure to correctly interpret state sentencing law. No federal constitutional law violations are alleged or shown.[6] Accordingly, petitioner has failed to state a cognizable federal claim in this regard.

      Respondent points out that on direct appeal, petitioner "attempted to buttress his claims with citation to Apprendi v. New Jersey, 530 U.S. 466 (2000)," (answer at 9), arguing that "Apprendi stands for the proposition that a crime together with its sentence enhancement is the functional equivalent of a single greater crime." (Id.)

      In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." Id.

      Here, petitioner's reliance on Apprendi is unavailing because the record reflects that the jury specifically found that "the murder was intentional and involved the infliction of torture." (CT 714.)

      For the foregoing reason, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

---

[6] The United States Supreme Court has upheld a sentence of life without the possibility of parole for a first offense of possession of more than 650 grams of cocaine. Harmelin v. Michigan, 501 U.S. 957, 1001 (1991). Petitioner's sentence of life without parole plus two years for first degree murder involving torture is not cruel and unusual punishment as explained by United States Supreme Court authority. Id. Petitioner's sentence, which is within statutory limits for a crime of that nature, is not so grossly out of proportion that it violates the Eighth Amendment.

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2009.

                                           /s/ John F. Moulds
                                           UNITED STATES MAGISTRATE JUDGE

001; oroz0711.157